FILED

12 MAR -5 AM 9:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHLER COMPANY; and ANN SACKS TILE AND STONE, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>DOMAINJET, INC.; JACK SUN; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 11-cv-1767 – BEN (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO SERVE COMPLAINT AND SUMMONSES ON DEFENDANTS BY ALTERNATIVE MEANS AND FOR AN EXTENSION OF TIME TO COMPLETE SERVICE, [Doc. No. 5]; and**<br><br>**(2) DENYING AS MOOT MOTION TO SHORTEN TIME, [Doc. No. 7].** |

Presently before the Court is Plaintiffs' motion for leave to serve complaint and summonses on Defendants by alternative means, namely by e-mail, and for an extension of time to complete such service. For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

On August 8, 2011, Plaintiffs Kohler Company and Ann Sacks Tile and Stone, Inc. commenced the instant action against Defendants Domainjet, Inc., Jack Sun, and Does 1 through 10. The Complaint alleges claims under Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and Lanham Act, 15 U.S.C. § 1114. (*See* Compl. [Doc. No. 1].) Plaintiffs allege, *inter alia*, that Defendants registered, used, and trafficked in the following domain names: <kohlerinteriors.info>, <kohlerinteriors.us>, <kohlerpower.info>, <kohlerco.in>, and <annsacks.us>, with a bad faith attempt to profit from Plaintiffs' marks. (Compl. ¶¶ 22-33.)

Plaintiffs allege that they have been unsuccessful in their efforts to serve Defendants with the Complaint and respective Summonses. Plaintiffs first used a process server to attempt service at the physical address that Defendants provided when registering several of the above domain names. Plaintiffs also attempted searching publicly available records for the alternative addresses associated with Defendants. When neither of the above worked, Plaintiffs engaged a private investigator, Mr. Frias, to assist in locating and serving Defendants. Mr. Frias conducted an exhaustive investigation of the initial address associated with Defendants, including physically inspecting the address, interviewing neighbors, reviewing property records, searching records of the California Secretary of State, and conducting a name search for individuals named "Jack Sun" living in the San Diego area. (Frias Affidavit, attached as Exh. A to Pl. Mot. [Doc. No. 5-1].) Mr. Frias's investigation revealed that the provided address was invalid or non-existent. (*Id.*) Mr. Frias next investigated a different address provided by Defendants, but similarly discovered that it was invalid or non-existent. (*Id.*) Finally, Plaintiffs conducted a search using Google Maps for another address (supposedly located in Shuyang, Jiangsu, China) listed by Defendants when registering two of their domain names, only to discover that the address was also invalid or non-existent. (*See* Pl. Mot., Exh. B.)

Plaintiffs now seek leave to serve Defendants via e-mail and also request an extension of time to effect such service. The Court decides the motion without oral argument. *See* CIV. L.R. 7.1(d)(1).

## DISCUSSION

Pursuant to Rule 4(e)(1) of Federal Rules of Civil Procedure, service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The goal of Rule 4 is "'to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process.'" *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). To comply with due process, the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law, the state in which this Court sits, to determine the sufficiency of the proposed service of process. California law permits service by publication in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . :
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CIV. PROC. CODE § 415.50(a)(1). While the California Code includes no explicit provision for service by e-mail, it provides a broad framework for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

CAL. CIV. PROC. CODE § 413.30. "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (concluding that the district court did not abuse its discretion in allowing service by regular mail and e-mail after initial attempts at service failed).

In the present case, the Court is satisfied that the Complaint adequately alleges a cause of action against Defendants and that Plaintiffs have sufficiently shown that Defendants "cannot with reasonable diligence be served in another manner." *See* CAL. CIV. PROC. CODE § 415.50(a)(1). Accordingly, the only remaining question is whether service of the Complaint and respective Summonses by e-mail will be "reasonably calculated to give actual notice" to Defendants. *See* CAL. CIV. PROC. CODE § 413.30; *see also Mullane*, 339 U.S. at 314; *Rio Props.*, 284 F.3d at 1017.

The Court is satisfied that in this case, service by e-mail will be reasonably calculated to give actual notice to Defendants. Plaintiffs allege that although they have been unable to serve Defendants at any of the three physical addresses that Defendants used in registering their domain names, Plaintiffs have communicated with Defendant Jack Sun in the past using the following e-mail address: <domainjet@foxmail.com>. (*See* McGrady Decl., attached as Exh. D to Pl. Mot.; *see also* Pl. Mot., Exh. E.) Plaintiffs also allege that Defendants listed this e-mail address when registering several of

- 3 -

their domain names. (*See* Pl. Mot., Exh. C.) Based on the foregoing, it appears Defendants regularly check the above e-mail address and should also expect to be contacted at that address. Accordingly, service at the above e-mail address will be reasonably calculated to give actual notice to Defendants. *See Rio Props.*, 284 F.3d at 1017 (concluding that service of process by e-mail was not only proper, but also "the method of service most likely to reach" defendant, where defendant "structured its business such that it could be contacted *only* via its email address"); *Balsam v. Angeles Tech. Inc.*, No. C 06-04114 JF (HRL), 2007 WL 2070297, at *3 (N.D. Cal. July 17, 2007) ("Defendants should also expect to be contacted at the [e-mail] address they provided to the domain name registrar and to the email address provided to individuals who sign up for the website's services."); *see also Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (permitting alternative service under Rule 4(e)(1) and allowing plaintiff to serve defendants by email, as well as by publication in the local newspaper, where traditional means of service failed).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to serve Defendants by alternative means is **GRANTED**. [*See* Doc. No. 5.] Plaintiffs are granted leave to serve Defendants by e-mail at the following address: <domainjet@foxmail.com>. Finding good cause, the Court also **GRANTS** Plaintiffs' request for an extension of time to complete service. *See* FED. R. CIV. P. 4(m). Plaintiffs shall have until **April 16, 2012** to effectuate service upon each Defendant.

Plaintiffs' Ex Parte Motion to Shorten Time is **DENIED AS MOOT**. [*See* Doc. No. 7.]

**IT IS SO ORDERED.**

Date: March 5, 2012

Honorable Roger T. Benitez
United States District Judge