13 APR -8  AM 10: 11

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| KOHLER COMPANY and ANN SACKS TILE AND STONE, INC., | CASE NO. 11-CV-1767 BEN (KSC) |
|---|---|
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |
| vs. | |
| DOMAINJET, INC.; JACK SUN; and DOES 1 through 10, inclusive, | [ECF No. 25] |
| Defendants. | |

Pending before the Court is Plaintiffs' unopposed motion for attorney's fees and costs in connection with their lawsuit against Domainjet, Inc. and Jack Sun (collectively, "Defendants"). ECF No. 25. For the reasons stated below, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

On August 8, 2011, Kohler Company and its subsidiary Ann Sacks Tile and Stone, Inc. (collectively, "Plaintiffs") filed a complaint against DomainJet, Inc., Jack Sun, and Does 1 through 10. Plaintiffs sought relief for cybersquatting under 15 U.S.C. § 1125(d), trademark infringement under 15 U.S.C. § 1114, and trademark dilution under 15 U.S.C. § 1125(c). Compl., ECF No. 1. Plaintiffs' initial attempts to serve Defendants failed, and the Court eventually authorized service via electronic mail. Plaintiffs sent copies of the complaint and summonses

11cv1767

1  to Defendants at two e-mail addresses.  From one of those addresses, Plaintiffs
2  received a response that stated, "[y]ou are just doing useless things," and "[y]ou
3  should know how to protect yourself instead of doing useless things like a fool,"
4  among other things.  On December 11, 2012, the Court granted default judgment for
5  Plaintiffs.  ECF No. 24.  Plaintiffs now move for attorneys' fees and costs.
6  Defendants did not file an opposition.  The Court finds this matter suitable for
7  resolution without oral argument pursuant to Civil Local Rule 7.1.d.1.

8                                    **DISCUSSION**

9       **I.   ATTORNEY'S FEES**

10        Plaintiffs seek an award of attorney's fees in the amount of $90,093.60 based
11  on the time on this action spent by six attorneys (Jason Elster, Daniel Rubinstein,
12  Robert Adel, Ian Burkow, William Tran, and Paul McGrady, Jr.), and five
13  paralegals (Nadine Varga, Loyanna Grierson, Maritza Sandoval, Lee Hutcherson,
14  and Ira Milton).  During the relevant time frame, each was associated with the
15  international law firm Greenberg Traurig.  Elster, Rubinstein, Burkow, McGrady,
16  Grierson, and Milton were based in Chicago.  The others were based in Orange
17  County, California.

18        In support of the motion, Plaintiffs provide an affidavit from attorney Elster
19  as well as time sheets identifying tasks performed.  Elster Aff., ECF No. 25-2.
20  Elster, an associate, explains that he charged a rate of $355-$370/hour and worked
21  for 48.3 hours on the matter.  He states that Rubinstein, a shareholder, had a rate of
22  $630/hour and worked for 0.9 hours; Adel, a shareholder, had a rate of $590/hour
23  and worked for 0.4 hours; Burkow, an associate, had a rate of $275-$305/hour and
24  worked for 65.4 hours; Tran, an associate, had a rate of $475-$495/hour and worked
25  for 78.1 hours; McGrady, a shareholder, had a rate of $375/hour and worked for 16
26  hours.  As for the paralegals, Elster states that Varga billed at $245/hour for 1.7
27  hours, Grierson billed at $200/hour for 1.2 hours, Sandoval billed at $230/hour for
28  7.8 hours, Hutcherson billed at $240/hour for 31.14 hours, and Milton billed at

1   $175/hour for 25.4 hours. Elster states that the billing rates for these attorneys and
2   paralegals were comparable to the rates charged by similar firms in their respective
3   markets for work performed by individuals of similar experience.

4       Section 35(a) of the Lanham Act provides that a court may award reasonable
5   attorney's fees to the prevailing plaintiff in "exceptional cases." 15 U.S.C.
6   § 1117(a). "A trademark case is exceptional where the district court finds that the
7   defendant acted maliciously, fraudulently, deliberately, or willfully." *Earthquake*
8   *Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). A case may
9   also be exceptional when a defendant disregards the proceedings and does not
10  appear. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502
11  (C.D. Cal. 2003). The Court finds this case exceptional based on Defendants'
12  willful conduct and disregard for the judicial process.

13      In the Ninth Circuit, the starting point for the calculation of reasonable fees is
14  the "lodestar." *Secalt S.A. v. Wuxi Shenxi Constr. Mach.*, 668 F.3d 677, 689 (9th
15  Cir. 2012) (citing *Intel Corp v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)).
16  The lodestar is calculated by multiplying the number of hours reasonably expended
17  on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Financial,*
18  *Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is presumptively reasonable,
19  but in rare cases, the court may adjust it based on various factors. *Secalt*, 668 F.3d
20  at 689. A court should review the attorneys' time sheets to determine the
21  reasonableness of the hours claimed, and it should look to the prevailing rate in the
22  community for similar work performed by attorneys of comparable skill, experience
23  and reputation to gauge the reasonableness of the charged rate. *Chalmers v. City of*
24  *Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended on other grounds*,
25  808 F.2d 1373 (9th Cir. 1987). "[A]ttorney's fees under the Lanham Act may also
26  include reasonable costs that the party cannot recover as the 'prevailing party.'"
27  *Secalt*, 668 F.3d at 690.

28      Plaintiffs contend that they incurred $19,960.50 in attorney's fees for

1    preparing and filing the complaint, $40,105 in attorney's fees for preparing an
2    alternative service motion and related papers, and $30,028.10 in attorney's fees for
3    preparing a motion for default judgment and related papers. Elster Aff. ¶ 15.
4    Plaintiffs have submitted time records documenting 56.5, 134.1, and 85.24 hours,
5    respectively spent on these tasks by the attorneys and paralegals mentioned above.
6    Having reviewed the time sheets, the Court concludes that under the circumstances,
7    the time spent was reasonable.

8         The appropriateness of the billable rates present a closer question. The party
9    seeking fees bears the burden of demonstrating that the rates used are in line with
10   the prevailing market rate of the relevant community, *Carson v. Billings Police*
11   *Dep't*, 470 F.3d 889, 891 (9th Cir. 2006), although a court may in its discretion rely
12   on its own knowledge and experience with the legal market, *Ingram v. Oroudjian*,
13   647 F.3d 925, 928 (9th Cir. 2011) (per curiam). Typically, the "relevant
14   community" is "the forum in which the district court sits." *Camacho*, 523 F.3d at
15   979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Elster's affidavit
16   states only that the rates charged by the attorneys and paralegals were comparable to
17   those of similarly qualified individuals in their respective markets, namely Chicago
18   and Orange County. While the affidavit does not directly address rates in the
19   Southern District of California, the rates used appear reasonable based on the results
20   obtained, the Court's knowledge of the market, and fee awards in similar cases. *See*
21   *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 06-CV-01848-H (POR),
22   2009 U.S. Dist. LEXIS 4005, at *12 (S.D. Cal. Jan. 20, 2009) (approving fees in a
23   Lanham Act case at hourly rates ranging from $90 to $210 per hour for paralegal
24   work and $125 to $625 per hour for attorney work). As Defendants have not
25   appeared to oppose this motion, Plaintiffs' request for attorney's fees is granted.

26   **II.   LITIGATION COSTS**

27        A prevailing Lanham Act plaintiff is entitled to the costs of the action. 15
28   U.S.C. § 1117(a). Plaintiffs seek an award of $350, the cost of filing the complaint.

- 4 -

11cv1767

1 | Elster Aff. ¶ 18.  Plaintiffs request is reasonable.  It is therefore granted.

2 | **CONCLUSION**

3 | For the reasons set out above, the Court awards Plaintiffs attorney's fees in

4 | the amount of $90,093.60 and costs in the amount of $350.

5 | **IT IS SO ORDERED**.

6 |

7 | DATED: April ⁄⁄, 2013

8 | HON. ROGER T. BENITEZ
United States District Court Judge

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

11cv1767